# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

    V.                                    CIVIL ACTION NO. 2007-10320-RGS

JAMES DESIMONE, ET AL.,
    Defendants.

## *REPORT AND RECOMMENDATION THAT A TRIAL DATE BE SET FORTHWITH*

COLLINGS, U.S.M.J.

    Defendant Arthur Rizzo, currently serving a prison sentence in the State of New York, appeared this date for an initial appearance on the above-styled Indictment. He was brought to Massachusetts on a writ of habeas corpus ad prosequendum. In these circumstances, the Interstate Agreement on Detainers ("IAD") is applicable. At his appearance this date, the defendant agreed to waive his right under the IAD to be kept in federal custody until the charges contained in the instant indictment are disposed of (the "anti-shuttling" provision) and agreed that the U.S. Marshals could return him to the New York State penal

institution where he is serving his sentence and that the Court could secure his presence in the future by issuing another writ of habeas corpus ad proseqeundum.

However, he refused to waive his right under Article III of the IAD to be tried within 180 days of today's date. Accordingly, it is necessary for the Court to set a trial date within that time period. Under Article III, the Court can then grant a continuance of the trial date if the request is "necessary" and "reasonable."[1]

For these reasons, I RECOMMEND that the Court FORTHWITH set a trial date in this case which is before **MAY 14, 2008.**[2]

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ. P., any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the

---

[1] The periods of excludable delay under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, do NOT act to extend the one-hundred eight day time limit.

[2] May 14, 2008 is 180 days from today.

United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings
ROBERT B. COLLINGS
United States Magistrate Judge

Date: November 16, 2007.