UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 07-10320-RGS

UNITED STATES OF AMERICA

v.

DENNIS SAVARESE

<u>ORDER ON DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE</u>

November 27, 2009

STEARNS, D. J.

The motion to suppress evidence seized from defendant Savarese's luggage will be <u>ALLOWED</u>.  The court agrees with Savarese that the search warrant affidavit, although it establishes ample probable cause to believe that he was engaged in criminal activity, does not provide a nexus between his criminal activity and the luggage seized from his hotel room.  Probable cause to believe that a person is guilty of a crime does not by itself constitute probable cause to search his residence or effects.  That the luggage was "heavy" is a generic truth about most luggage, and while weight may have indicated the presence of a computer, as the government asserts, there is no showing that a laptop played any particular role in Savarese's *modus operandi*.[1]  The application of the good faith exception of <u>United States v. Leon</u>, 468 U.S. 897 (1984), presents a closer question.  This is because I find no lack of good faith on the part of the officers involved.   But good faith in and of itself is insufficient to save a warrant where the supporting affidavit fails to connect a defendant's

---

[1] Although the government suggests that the law might be otherwise, I do not believe that Savarese's refusal to consent to a search of his luggage is a fact properly considered in weighing the existence of probable cause.  See <u>United States v. Thame</u>, 846 F.2d 200, 206-207 (3d Cir. 1988).

alleged crimes to the items or places to be searched.  United States v. Hove, 848 F.2d 137, 140 (9th Cir. 1988).

## CONCLUSION

Savarese's motion to suppress evidence seized from his personal luggage is ALLOWED.[2]  Trial will commence as ordered, Monday, November 30, 2009, at 9:00 a.m.

SO ORDERED.

s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] Any dispute over the scope or validity of Savarese's refusal of an oral consent to search his hotel room or luggage is moot (although the court has previously noted the somewhat troubling significance of the lack of a written consent form or contemporary record of an oral consent).