UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 1:07-cr-10320-RGS
CIVIL ACTION NO. 1:13-cv-11757-RGS

DENNIS SAVARESE

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

October 7, 2013

STEARNS, D.J.

Petitioner Dennis Savarese, acting pro se, brings this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Savarese challenges his sentence, asserting a miscalculation of his Criminal History Category (CHC) under the advisory United States Sentencing Guidelines (U.S.S.G.) as well as violations of his rights under the Sixth and Fourteenth Amendments. For the reasons to be explained, Savarese's petition will be denied.

BACKGROUND

The facts underlying Savarese's conviction are set in copious detail in the First Circuit's opinion denying his appeal and do not bear repetition here. *See United States v. Savarese*, 686 F.3d 1 (1st Cir. 2012). In essence, Savarese was

the alleged mastermind of a credit card theft ring that preyed on customers of fitness clubs across the United States.  All told, Savarese and his confederates used credit cards pilfered from gym users' lockers to bilk horse racing tracks and other gaming establishments of some $430,000 in cash advances. Savarese was convicted of conspiracy (18 U.S.C. § 371), aggravated identity theft (18 U.S.C. § 1028A), and identity fraud (18 U.S.C. § 1028(a)(7)).  The court imposed a total sentence of 168 months.   Savarese appealed his conviction and sentence, raising issues "ranging from the sufficiency of the underlying indictment to the applicability of multiple sentence enhancements." 686 F.3d at 5.  The First Circuit affirmed both the conviction and the sentence. *See id*. at 21.  This petition followed on July 23, 2013.

## DISCUSSION

Section 2255 is not a substitute for direct appeal, but rather provides post-conviction relief in four limited instances:  "[I]f the petitioner's sentence was (1) imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998).  "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[]' in a complete miscarriage of justice,' or irregularities that are 'inconsistent with

the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). A cognizable section 2255 claim, unless it is constitutional or jurisdictional in nature, must reveal "exceptional circumstances" compelling redress. *David*, 134 F.3d at 474. The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

**Miscalculation of Criminal History Category**

Savarese contends that this court miscalculated his CHC by erroneously adding three additional criminal history points for a 1994 Louisiana state court conviction, thereby increasing his CHC under the advisory guidelines to a category VI.[1] There is no doubt but that a federal defendant who successfully attacks a prior state court conviction may "apply for reopening of any federal sentence enhanced by the state sentences." *Custis v. United States*, 511 U.S. 485, 497 (1994). The Court underscored *Custis* in *Johnson v. United States*, 544 U.S. 295 (2005), holding that a "defendant given a

---

[1] According to the calculations of the Presentence Report (PSR), which were adopted by this court at sentencing, Savarese's CHC is VI. PSR at 42. "Based upon a Total Offense Level of 28 and a CHC of VI, the guideline imprisonment range is 140 to 175 months for counts 1 and 25. Per 18 U.S.C. § 1028A and U.S.S.G § 2B1.6, at least a 24-month, and up to a 48-month, term of imprisonment must be imposed to run consecutively to the term of imprisonment imposed on counts 1 and 25. Therefore, the total guideline range is at least 164 to 199 months, and at most 188 to 223 months." *Id.*

sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Id*. at 303, citing *Custis*, 511 U.S. 485. Notwithstanding, to successfully challenge an enhancement of his sentence, Savarese must show: (1) that the 1994 Louisiana state court conviction was in fact vacated; and that (2) that the Louisiana conviction impacted the federal sentence. Because Savarese cannot satisfy the first predicate, his petition must be denied.[2]

The only evidence that Savarese offers on the first predicate copies of a "Petition for Writ of Coram Nobis" and Notice of Appeal filed pro se in the 21st Judicial District Court of Louisiana on September 30, 2012 (well after the conviction in this case). In the Coram Nobis petition, Savarese asserted that his 1994 guilty plea [entered in the Louisiana court] was "involuntary, and without an understanding of the charges or consequences of the plea."[3] The petition bears a handwritten margin order apparently entered by the trial

---

[2] Nor could he satisfy the second predicate. Even assuming that the correct number of criminal history points is 10 and the CHC is V, the sentence imposed by the court (144 months plus the mandatory 24-month consecutive sentence) was well within the resulting advisory guideline range of 130-186 months.

[3] Savarese did not offer any explanation in the petition as to why his guilty plea was involuntary. Nor did he give any explanation as to why the petition was not precluded by his previous attempt to apply for a supervisory and/or remedial writ to the Louisiana Supreme Court, which was denied in 1995. *See State v. Savarese,* 660 So.2d 455 (La. 1995).

judge: "Denied - of October 24, 2012." Savarese also submits a November 5, 2012 letter asking the judge to accept his handwritten Notice of Appeal of the October 24, 2012 denial. A margin order on the Notice of Appeal reads "writ/appeal Order Granted of Nov. 26, 2012"; "Treat as writ of 12/12/12." Finally, Savarese offers what appears to be a proposed order, granting his petition for Writ of Coram Nobis and vacating his 1994 judgment. The proposed order is unsigned, but bears a handwritten margin note – "Moot. Relief prayed for was granted Nov. 26, 2012 and addressed Dec. 12, 2012," and is dated June 30, 2013. In other words, the trial judge did not vacate the 1994 conviction; he merely allowed Savarese to proceed with an appeal.

**Alleged Violation of Sixth and Fourteenth Amendment Rights**

Savarese's second contention is an *Apprendi*-derived argument to the effect that his sentence was imposed in violation of the Sixth and the Fourteenth Amendments because the enhancement of his Base Offense Level (BOL) was based on facts (principally the amount of loss, which added 22 points to the BOL) that were found by the court and not the jury. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000). The argument attempts to find traction in a recent Supreme Court decision, *Alleyne v. United States*, 133 S. Ct. 2151

(2013).[4]  In *Alleyne*, the Supreme Court held that any fact that increases a statutory mandatory minimum sentence is an "element" of the crime, which must be found by the jury.  *Id*. at 2153.  However, for *Alleyne* to apply, a sentencing enhancement must trigger a mandatory  minimum sentence.  In *Alleyne*, the petitioner was convicted of using or carrying a firearm in relation to a crime of violence, which ordinarily carries a 5-year mandatory minimum sentence. *Id* at 2152. However, when the trial judge in *Alleyne* , rather than the jury, found that the firearm was "brandished," the mandatory minimum threshold sentence increased from 5 years to 7 years. *Id*. at 2152. The Supreme Court held that since the element of "brandishing" found by the judge had the effect of elevating the statutory mandatory minimum, the defendant was entitled to have the issue decided by the jury and not the judge. *See Id*.

Savarese was convicted of conspiracy, aggravated identity theft, and identity fraud.  Conspiracy and identify fraud do not entail a mandatory statutory minimum sentence , while identity theft carries a statutory minimum sentence of 2 years that must be served consecutive to any other sentence imposed. The elements of each of the three offenses were found by the jury. The

---

[4] The government contends that Savarese's argument under *Alleyne* is procedurally defaulted because it was neither raised in the district court nor raised on direct appeal.  Because the argument plainly fails on its merits, there is no reason to plumb the intricacies of the rules governing procedural default.

facts enhancing the BOL that were found by this court did not trigger an increase in the two-year statutory minimum attached to identify theft.   Unlike facts triggering an increase in a statutory minimum, "sentencing factors affecting a judge's discretion *within* a statutorily prescribed range may be proved to a judge at sentencing by a preponderance of the evidence."  *United States v. Leahy*, 668 F. 3d 18, 22 (1st Cir. 2012), citing *United States v. O'Brien*,130 S. Ct. 2169, 2174-2175 (2010).

The final arrow in Savarese's quiver is a citation to *Peugh v. United States*, 133 S. Ct. 2072 (2013), and the comment that "the Guidelines have been proven through [sic] recent Supreme Court decision to be binding enough to require Sixth and Fourteenth Amendment Protections of a right to have a Jury finding of the Facts and the Right to Due Process."  *Peugh* simply has no relevance to Savarese's petition.  In *Peugh*, the Supreme Court held that the Ex Post Facto Clause prohibits a court from sentencing a defendant based on guidelines promulgated after the time of the offense of conviction if the successor guidelines prescribe a higher sentencing range than those in place at the time of the commission of the offense.  *Id*. at 2084.  Savarese's sentencing range was calculated in conformity with the rule set out in *Peugh* as there was no intervening change in the relevant set of applicable guidelines.

ORDER

For the foregoing reasons, Savarese's Petition to Vacate, Set Aside, or Correct Sentence/Conviction is <u>DENIED</u> with prejudice.  Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253, is also <u>DENIED</u>, the court finding no meritorious basis for an appeal.  The Clerk will dismiss the petition and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE